UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JERMAINE SPENCER,         Case No. 1:14-cv-696
    Plaintiff,

                                Barrett, J.
vs                              Bowman, M.J.

DONALD MORGAN, et al.,     **ORDER AND REPORT**
    Defendants.            **AND RECOMMENDATION**

       Plaintiff, an inmate currently incarcerated at the Toledo Correctional Institution and a former inmate at the Southern Ohio Correctional Facility (SOCF), brings this civil rights action pursuant to 42 U.S.C. § 1983 against defendants Donald Morgan, Larry Green, Cynthia Davis, David Warren, Michael Anderson, Daniel Baker, Linnea Mahlman, Nurse Jenkins, Shawn Miller, Michael Jenkins, Matthew Chaffin, Missy Cambell, and Carl Distel in their individual and official capacities.  (Doc. 1).  By separate Order, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.  This matter is before the Court for a sua sponte review of the complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

       In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)).  To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious.  *Id.*; *see* 28

U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. at 328-29; *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton v. Hernandez,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199.

Congress has also authorized the sua sponte dismissal of complaints which fail to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). Plaintiff's complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). While a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557.

Plaintiff alleges that on May 14, 2013, while housed at the SOCF, plaintiff asked defendant Officer Michael Anderson why the block was not issued ice, as the temperature exceeded 87 degrees. (Complaint p. 16, Doc. 1-1 at PageID 9). According to plaintiff, defendant Anderson only provided ice to four inmates. Plaintiff requested a block transfer from defendant Anderson. As a result of the request, plaintiff alleges that Anderson told defendant Daniel Baker to open plaintiff's cell despite the fact they were on lockdown. Anderson told plaintiff that he would not refer plaintiff for a transfer because he had not presented a problem on the block. In response, plaintiff inquired why he was not provided with ice if he did not present a problem. Anderson allegedly became upset with plaintiff's inquiry, and told him he would give ice to whomever he saw fit. He then told Baker to "close the door I'm done with this bitch!" (*Id.*). Baker closed the door.

Anderson initially walked away from plaintiff's cell, but then turned around and had the cell reopened. (*Id.* at 7, PageID 10). Anderson ordered plaintiff to step out of the cell and go to the shower. Plaintiff complied with the order and exited the cell, but alleges that Anderson began to shove him toward a flight of stairs. Fearing that he would be shoved down the stairs plaintiff claims that he stood his ground and told Anderson to keep his hands off him. Plaintiff indicates that Anderson fell to the ground as a result of plaintiff standing his ground, but denies that he shoved, hit or attacked him. He further indicates that Anderson grabbed his leg and attempted to use force to push him off the top of the range. Plaintiff claims that Anderson's PR 24 stick/baton fell out when he fell and Anderson reached for it from the ground. In fear for his safety, plaintiff claims he tried to push the baton away from Anderson. (*Id.* at 8, PageID 11).

Responding officers sprayed plaintiff with mace and handcuffed him. Defendants Chaffin

3

and Jenkins—SOCF correctional officers—allegedly roughhoused plaintiff while escorting him away from the incident, attempting to break his wrist with their PR 24 sticks. Chaffin allegedly cuffed plaintiff to a wheel chair and, along with Jenkins, escorted plaintiff to the infirmary examination room, where they beat him in the head, back, and chest with the PR 24 sticks. Plaintiff states that he was also elbowed several times on the left side of his face and his ear by defendant Missy Cambell.

Plaintiff indicates that defendant nurse Jenkins came into the room and stated "you have no injuries or chest pains, right Spencer." (*Id.* at 9, PageID 12). Defendant Miller also entered the room, grabbed plaintiff by the neck and stated "you better not ever touch one of my officers again or I'll kill you nigger!" (*Id.*). According to plaintiff, Cambell also taunted him, stating "nigger you ain't so tuff now." (*Id.*). At this point Chaffin allegedly choked plaintiff with his PR 24 stick and told plaintiff he was lucky he was not dead, that "we told you we was going to get your black ass." (*Id.*). Plaintiff alleges that he was then removed from the examination room and pictures were taken of him by Lieutenant Stone.

Plaintiff was subsequently placed in a cell with a soaked mattress, with no shoes or underwear and not allowed to shower off the mace until two days later—the morning of May 16, 2013. He claims that he suffered extreme numbness in both hands, deep cuts in both wrists, and blood and puss coming from his left ear. Nevertheless, plaintiff claims he did not receive medical care until May 20, 2013, after plaintiff sent several messages to other inmates to call his family and have them contact the prison. (*Id.* at 10, PageID 13).

Meanwhile, on May 17, 2013, plaintiff was found guilty by the Rules Infraction Board (RIB) of attempt to kill, assault, and physical resistance to a direct order (Rules 1, 3, and 20,

4

respectively).  Plaintiff was issued 15 days of disciplinary control, local control, 4B/5B status upgrade, and transfer to the Super Maximum Security at the Ohio State Penitentiary (OSP). Plaintiff claims that defendant Assistant Warden Larry Green modified the charges against him without notice.  He further claims that Warden Donald Morgan told plaintiff that he had reviewed the video recording of the incident, and the case was being investigated.  Morgan stated that for plaintiff's safety he would be transferred to the OSP and "when the paperwork catches up" plaintiff's security status will be lowered and he will be transferred back from the OSP.  (*Id.* at 10, PageID 13).  Defendant Davis provided plaintiff with mental health papers and a clearance form for transfer to the OSP on June 14, 2014.  (*Id.* at 11, PageID 14).

Plaintiff appealed the ruling of the RIB decision.  On June 25, 2013,[1] defendant Green met with plaintiff concerning his appeal.  Green stated to plaintiff that he had reviewed the evidence of the incident and received a recanted statement from the charging officer.  Green reversed the decision of the RIB with regard to the attempt to kill and assault charges, indicating that "insufficient evidence contained in the conduct report language to support rules 1 and 3." (Complaint Ex. 8, Doc. 1-2 at PageID 27).  Echoing Morgan's earlier comments, Green stated that once plaintiff arrived at the OSP the charges would be dropped, his security status would be reduced to a level 3, and he would be transferred.  (Complaint p. 11, Doc. 1-1 at PageID 14).

On November 21, 2013, after being transferred to the OSP, plaintiff claims that he realized for the first time that he was in fact classified as a level 4B security status despite defendants Green's and Morgan's assurances.  (*Id.* at 12, PageID 15).  He also claims that the attempt to kill and assault charges are being used to justify his status upgrade and transfer, despite the fact that

---

[1] The complaint states that the meeting took place on June 25, 2014, however plaintiff notes that he met with Davis concerning his appeal the day prior to his transfer to OSP.  (*See id.* at 11, PageID 14).

those charges were dropped on May 28, 2013. Plaintiff further claims that the charges will impact his eligibility for parole.

Based on the above facts, plaintiff brings claims under the Eighth and Fourteenth Amendments. In addition, plaintiff alleges violations of the Ohio Department of Rehabilitation and Correction security protocols. (*Id.* at 13–15, PageID 16–18). For relief, plaintiff seeks declaratory, injunctive, compensatory, and punitive damages. (*Id.* at 16, PageID 19).

Liberally construed, plaintiff's complaint states an Eighth Amendment claim for excessive force and/or failure to protect against defendants Michael Anderson, Shawn Miller, Matthew Chaffin, Michael Jenkins, and Missy Cambell, and for deliberate indifference to serious medical needs against defendant Nurse Jenkins. Plaintiff has also stated a due process claim against defendants Donald Morgan and Larry Green in connection with his RIB proceeding and his OSP transfer. *See Wilkinson v. Austin*, 545 U.S. 209, 223–24 (2005) (recognizing an inmate's liberty interest in not being transferred to Ohio's "supermax" prison (OSP) without due process of law). At this stage in the proceedings, without the benefit of briefing by the parties to this action, the undersigned concludes that these claims are deserving of further development and may proceed at this juncture. *See* 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b).

However, plaintiff's claims against the remaining defendants should be dismissed. First, plaintiff's claims regarding defendant Anderson and Baker's alleged violations of D.R.C. protocols fail to state a claim upon which relief may be granted. In order to maintain an action under 42 U.S.C. § 1983, which provides a civil remedy for constitutional rights violations, plaintiff must allege that the defendants acted under color of state law and that their conduct deprived plaintiff of some right secured by the Constitution or laws of the United States. *Graham*

*v. National Collegiate Athletic Ass'n*, 804 F.2d 953, 957 (6th Cir. 1986) (citing *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled in part on other grounds*, *Daniels v. Williams*, 474 U.S. 327 (1986)). Plaintiff's claims seeking to hold defendants Anderson and Baker liable for violations of D.R.C. protocols and/or policy fail to allege conduct depriving him of a constitutional right.[2]

Plaintiff's claims against defendants Cynthia Davis, David Warren, Carl Distel, and Linnea Mahlman, must also be dismissed. As an initial matter, the complaint contains no factual allegations against defendants Warren and Distel. Plaintiff appears to base his claims against these defendants on their supervisory roles as chief of security and shift manager. (*See* Complaint p. 4, Doc. 1-1 at PageID 7). However, "[section] 1983 liability of supervisory personnel must be based on more than the right to control employees." *Bellamy v. Bradley,* 729 F.2d 416, 421 (6th Cir. 1984). Section 1983 liability is premised on active unconstitutional behavior and not a mere failure to act. *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002); *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). The mere fact that defendants hold supervisory positions in SOCF is not enough to impose liability on them under section 1983.

Plaintiff has also failed to make sufficient factual allegations to state a claim against defendants Davis and Mahlman. The only factual allegation plaintiff makes against defendant Davis, a unit manager at SOCF, is that she provided him with mental health papers and a clearance form for his transfer to the OSP. (Complaint p. 11, Doc. 1-1 at PageID 14). She further commented that plaintiff should have stayed in his cell despite Anderson's orders. (*Id.*). With regard to defendant Mahlman, plaintiff conclusively alleges that Mahlman—with defendants Davis and Morgan—unjustly held him at SOCF since 2008 in order to hinder his parole. (*Id.* at 12, Doc. 1-1 at PageID 15). The undersigned finds these allegations against defendants Mahlman

---

[2] All other claims against defendant Anderson remain pending.

7

and Davis to be conclusory and otherwise insufficient to rise to the level of a constitutional violation.  Therefore, his claims against Davis and Mahlman should be dismissed.

Accordingly, in sum, having found that plaintiff has stated claims under the Eighth Amendment for excessive force and/or failure to protect against defendants Michael Anderson, Shawn Miller, Matthew Chaffin, Michael Jenkins, and Missy Cambell; a claim of deliberate indifference to serious medical needs against defendant Nurse Jenkins; and a due process claim against defendants Donald Morgan and Larry Green in connection with his RIB proceeding and OSP transfer, these claims may proceed at this juncture.  However, plaintiff's remaining claims against defendants Daniel Baker, Cynthia Davis, David Warren, Carl Distel, and Linnea Mahlman should be dismissed.

**IT IS THEREFORE RECOMMENDED THAT:**

Plaintiff's claims against defendants Daniel Baker, Cynthia Davis, David Warren, Carl Distel, and Linnea Mahlman, as well as plaintiff's claims based upon violations of D.R.C. protocols, be **DISMISSED**.

**IT IS THEREFORE ORDERED THAT:**

The United States Marshal shall serve a copy of the complaint, summons, and this order upon defendants Michael Anderson, Shawn Miller, Matthew Chaffin, Michael Jenkins, Missy Cambell, Nurse Jenkins, Donald Morgan and Larry Green as directed by plaintiff.  All costs of service shall be advanced by the United States.

Plaintiff shall serve upon defendants or, if appearance has been entered by counsel, upon defendants' attorney(s), a copy of every further pleading or other document submitted for consideration by the Court.  Plaintiff shall include with the original paper to be filed with the clerk of court a certificate stating the date a true and correct copy of any document was mailed to

defendants or counsel.  Any paper received by a district judge or magistrate judge which has not been filed with the clerk or which fails to include a certificate of service will be disregarded by the court.

Plaintiff shall inform the Court promptly of any changes in his address which may occur during the pendency of this lawsuit.

      *s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JERMAINE SPENCER,  
    Plaintiff,

vs

DONALD MORGAN, et al.,  
    Defendants.

Case No. 1:14-cv-696

Barrett, J.  
Bowman, M.J.

### NOTICE

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).