UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JERMAINE SPENCER,                                 CASE NO.: 1:14-CV-696

      Plaintiff,                                        Barrett, J.
                                                       Bowman, M.J.
      v.

DONALD MORGAN, et al.,

      Defendants.

**OPINION AND ORDER**

This matter is before the Court on the Magistrate Judge's Report and Recommendation. (Doc. 4).  In the Report, the Magistrate Judge recommends allowing the following claims to proceed:  (1) the claims for excessive force/failure to protect against defendants Michael Anderson, Shawn Miller, Matthew Chaffin, Michael Jenkins and Missy Cambell; (2) the claim for deliberate indifference for serious medical needs against defendant Nurse Jenkins; and (3) the due process claims against defendants Donald Morgan and Larry Green in connection with his RIB proceeding and his OSP transfer.  The Report recommends dismissing the following claims: (1) the claims against defendant Anderson and defendant Daniel Baker with respect to their alleged violations of D.R.C. protocols; (2) the claims against defendants David Warren and Carl Distel based solely on their supervisory positions; (3) any claim against defendants Cynthia Davis, a unit manager at SOCF, based only on her provision of mental health papers and a clearance form for his transfer to the OSP; and (4) any claim against defendant Linnea Mahlman based on conclusory allegations that Mahlman–with Davis and Morgan—unjustly held him at SOCF since 2008 in order to hinder his parole.

Plaintiff has filed timely objections to the Report (Doc. 12) in which he objects to the dismissal of his claims against Baker and Davis.  His objections are addressed below.

1

I.   ANALYSIS

When objections to a magistrate judge's report and recommendation are received on a dispositive matter, the assigned district judge "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). After review, the district judge "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*; *see also* 28 U.S.C. § 636(b)(1). General objections are insufficient to preserve any issues for review: "[a] general objection to the entirety of the Magistrate [Judge]'s report has the same effect as would a failure to object." *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Nevertheless, the objections of a petitioner appearing *pro se* will be construed liberally. *See Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

A.  **First Objection**

Plaintiff objects to the dismissal of the claim against Baker. He contends that Baker did more than violate D.R.C. protocol. He argues that Baker violated D.R.C. protocol, knowing Anderson intended to cause Plaintiff harm. Plaintiff specifically claims that by opening the door the second time, Baker knowingly put Plaintiff in harms way. As such, it appears that Plaintiff is asserting a claim against Baker under a theory of failure to protect.[1]

Prison guards may be held liable under 42 U.S.C. § 1983 without actively participating in an unlawful assault when they are deliberately indifferent to a substantial risk of harm to the inmate. *Farmer v. Brennan*, 511 U.S. 825, 828 (1994); *Greene v. Bowles*, 361 F.3d 290, 294 (6th Cir. 2004). In the Complaint, Plaintiff alleged that Baker opened the cell door the first time

---

[1] In his Complaint, he also suggests that he is asserting a failure to protect claim against Baker. (Doc. 3, PageId 68) ("Defendant, Daniel Baker, was at all relevant times, employed as a corrections officer at (S.O.C.F.) [and] his duties[,] among others, were to protect the Plaintiff from harm and obey the laws, rules, and policies applicable to (O.D.R.C.)[.]").

and he now has clarified that Baker also opened the cell door on the second occasion when Anderson made Plaintiff exit the cell and began shoving him toward a flight of stairs. Plaintiff alleges that D.R.C. policy calls for officers to have a supervisor present when escorting any prisoner, such as plaintiff, on maximum security status after the prison is on official lockdown, and that Baker did not require that to occur when he opened the cell door for Anderson after which Anderson began pushing Plaintiff to a flight of stairs. Thus, upon *de novo* review, the undersigned finds that Plaintiff's allegations, and subsequent clarifications, are sufficient to state a plausible claim for failure to protect against Baker such that Baker shall not be dismissed as a Defendant in this matter.

### B. Second Objection

Plaintiff objects to the dismissal of his claim against Cynthia Davis, the unit manager administrator. In the Complaint, Plaintiff alleged that Davis brought Plaintiff mental papers and a clearance form for transfer to OSP on June 14, 2014 and also informed Plaintiff that he never should have left his cell despite Anderson's orders. (Doc. 3, PageId 75). The Magistrate Judge determined that those factual allegations were insufficient to state a claim for relief. (Doc. 4, PageId 126). In his objections, Plaintiff asserts that the "office [in which Davis works] is directly involved with the process" of enhancing the inmates' security levels and that Davis had Plaintiff sign the mental health papers to be transferred to OSP with knowledge that the charges had been reversed.

The undersigned finds the allegations to be insufficient and too vague and conclusory to state a constitutional violation. Beyond providing the requisite paperwork, there are no allegations indicating that Davis made or had the authority to make or approve any decision concerning Plaintiff's security level or his transfer to OSP. Therefore, the claim against her

should be dismissed. *Heyerman v. County of Calhoun*, 680 F.3d 642, 647 (6th Cir. 2012) (citing *Murphy v. Grenier*, 406 F. App'x 972, 974 (6th Cir. 2011); *Gibson v. Matthews*, 926 F.2d 532, 535 (6th Cir. 1991)); *see also Heard v. Crumpton*, No. 3:15-172, 2015 U.S. Dist. LEXIS 34259, at *9 (M.D. Tenn. Mar. 19, 2015) (citing *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999); *Marvin v. Harvey*, 14 F. App'x 307, 309-10 (6th Cir. 2001); *Poe v. Haydon*, 853 F.2d 418, 429 (6th Cir. 1988)) (recognizing that even an allegation that a supervisor was aware of an actionable wrong committed by a subordinate and failed to take corrective action is insufficient to impose liability).

## II. CONCLUSION

Consistent with the foregoing, the undersigned **GRANTS IN PART** and **OVERRULES IN PART** Plaintiff's Objections (Doc. 12). The undersigned therefore **MODIFIES** the recommended disposition in the Report (Doc. 4) to reflect that Daniel Baker shall not be dismissed as a defendant because Plaintiff has stated a claim under the Eighth Amendment for failure to protect against him. In all other respects, the Report (Doc. 4) is **ADOPTED.** Accordingly, it is ORDERED that Plaintiff's claims against Cynthia Davis, David Warren, Carl Distel, and Linna Mahlman, as well as plaintiff's claims based solely upon violations of D.R.C. protocols are hereby DISMISSED.[2]

IT IS FURTHER ORDERED that the United States Marshall shall serve a copy of the Complaint, summons, and this Order upon defendant Daniel Baker as directed by Plaintiff. All costs of service shall be advanced by the United States.

---

[2] Consistent with this Order and the Report, the case shall proceed on the following claims: (1) Eighth Amendment claims for excessive force and/or failure to protect against defendants Michael Anderson, Daniel Baker, Shawn Miller, Matthew Chaffin, Michael Jenkins, and Missy Cambell; (2) the claim for deliberate indifference to serious medical needs against defendant Nurse Jenkins; and (3) the due process claims against defendants Donald Morgan and Larry Green in connection with his RIB proceeding and OSP transfer. All defendants other than Baker have been served with summons in this matter already.

As with the other defendants, Plaintiff shall serve upon this defendant or, if appearance has been entered by counsel, upon defendant's attorney(s), a copy of every further pleading or other document submitted for consideration by the Court. Plaintiff also shall include with the original paper to be filed with the clerk of court a certificate stating the date a true and correct copy of any document was mailed to defendants or counsel. Any paper received by a district judge or magistrate judge which has not been filed with the clerk or which fails to include a certificate of service will be disregarded by the court.

Plaintiff also is reminded again that he shall inform the Court promptly of any changes in his address which may occur during the pendency of this lawsuit.

**IT IS SO ORDERED**.

<u>s/Michael R. Barrett</u> and the following claims will proceed: (1) the Eighth Amendment claims for excessive force and/or failure to protect against defendants Michael Anderson, Shawn Miller, Matthew Chaffin, Michael Jenkins, and Missy Cambell; (2) the claim for deliberate indifference to serious medical needs against defendant Nurse Jenkins; and (3) the due process claims against defendants Donald Morgan and Larry Green in connection with his RIB proceeding and OSP transfer. Those defendants have been served with summons in this matter already.

Michael R. Barrett, Judge
United States District Court