**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

JERMAINE SPENCER,

      Plaintiff,

v.

DONALD MORGAN, et al.,

      Defendants.

Case No. 1:14-cv-696

Barrett, J.
Bowman, M.J.

**REPORT AND RECOMMENDATION**

**I. Background and Pending Dispositive Motions**

Plaintiff, presently incarcerated at the Southern Ohio Correctional Facility and proceeding *pro se*, filed this civil rights action against multiple defendants. On September 29, 2014, the undersigned recommended the dismissal of some of Plaintiff's claims, while permitting claims under the Eighth Amendment for excessive force and/or failure to protect, a claim of deliberate indifference to serious medical needs, and a due process claim. *See generally* 28 U.S.C. §§1915(e) and 1915A. All of Plaintiff's claims arise out of events that occurred during his incarceration at the Southern Ohio Correctional Facility in 2013. (*See* Doc. 4, Report and Recommendation ("R&R").)

Following review of Plaintiff's objections, the presiding district judge modified the undersigned's first R&R in part to permit Plaintiff's claims to proceed against one additional correctional officer as to whom the undersigned had recommended dismissal, but overruled all other objections. Therefore, Plaintiff's case was ordered to proceed on the following claims: "(1) Eighth Amendment claims for excessive force and/or failure to protect against defendants Michael Anderson, Daniel Baker, Shawn Miller, Matthew

Chaffin, Michael Jenkins, and Missy Campbell; (2) the claim for deliberate indifference to serious medical needs against defendant Nurse Jenkins; and (3) the due process claims against defendants Donald Morgan and Larry Green in connection with his RIB proceeding and OSP transfer." (Doc. 36, PageID 269 n.2.)  Plaintiff's claim against Nurse Jenkins was subsequently voluntarily dismissed by Plaintiff through amendment to his complaint.  (Doc. 49, PageID 337 ¶ 1.)

Following discovery, Defendants Michael Anderson and Daniel Baker filed a motion for summary judgment (Doc. 57), as did Defendants Larry Greene[1] and Donald Morgan (Doc. 60).  A third motion for summary judgment was filed by all remaining Defendants (Missy Campbell,[2] Matthew Chaffin, Michael Jenkins, and Shawn Miller). (Doc. 62).  Plaintiff filed responses to all three motions, to which Defendants filed reply memoranda.  Plaintiff also filed two motions seeking preliminary injunctive relief.  (Docs. 65, 75.)

On June 15, 2016, the undersigned filed a second R&R that recommended that the motion for summary judgment filed by Defendants Baker and Anderson be granted in full, but that the two motions for summary judgment filed by two other groups of Defendants be granted only in part.  The undersigned also recommended denial of Plaintiff's first motion for injunctive relief, but held his second motion in abeyance pending further briefing.

Both parties have filed objections to the June 15, 2016 R&R, which objections remain pending before the district judge.  However, in order to avoid unnecessary delay, the undersigned now addresses four remaining dispositive motions filed by Plaintiff, including: (1) Second Motion for Preliminary Injunction; (2) Motion to amend/correct

---

[1] Plaintiff identified the Defendant's last name as "Green" but it is spelled "Greene" by defense counsel.
[2] Plaintiff identified the Defendant's last name as "Cambell," but it is spelled "Campbell" in the record.

2

complaint; (3) motion for the Court's assistance to stop constant retaliation and discrimination; and (4) second motion to amend/correct complaint. Plaintiff's non-dispositive motion seeking the appointment of counsel is addressed by separate order.

## II. Plaintiff's Second Motion for Preliminary Injunctive Relief (Doc. 75)

On April 1, 2016, Plaintiff filed his first motion seeking injunctive relief in the form of an order directing a non-party at SOCF from imposing any limitations on his access to the law library and/or to notary services. (Doc. 65.) On May 13, 2016, Plaintiff filed a second motion seeking preliminary injunctive relief. (Doc. 75).

The State of Ohio, acting as an "interested party," filed a response in opposition to Plaintiff's first motion. (Doc. 67.) Concerning that motion, the June 15 R&R stated that the facts presented "a close issue—particularly with respect to Plaintiff's affidavit in opposition to summary judgment, which Defendants seek to exclude based upon the lack of notarization that Plaintiff argues he has been prevented from obtaining." Nevertheless, in view of the traditional factors used to determine whether the "extraordinary relief" of a preliminary injunction should be granted, the undersigned recommended denial without prejudice of Plaintiff's first motion, "conditioned on this Court's consideration of Plaintiff's unsworn affidavit in opposition to the pending dispositive motions."

Having now completed review of Plaintiff's fully briefed second motion for preliminary injunctive relief, I recommend the denial of that motion as well. Plaintiff's second motion seeks injunctive relief transferring Plaintiff from the Southern Ohio Correctional Facility to another institution. As grounds for this extraordinary relief, Plaintiff alleges that he has been subjected to various forms of retaliation since filing this lawsuit, including – shortly after a November 10, 2015 transfer back to SOCF - an attack

3

on his life by another inmate that Plaintiff alleges was orchestrated or "ordered" by Defendant Officer Michael Anderson. (Tr. 75, PageID 1337). Plaintiff also alleges that the institution failed to send his legal mail to his former attorney, that his personal property was unjustly taken, and that he was refused medical treatment at SOCF. Plaintiff argues that this Court should grant relief to temporarily transfer him from SOCF while it considers permanent injunctive relief, including a permanent transfer, as part of the relief granted in his underlying lawsuit. He specifically seeks transfer back to OSP or TOCI, two institutions he was previously housed at prior to being returned to SOCF.

"[A] party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." *Colvin v. Caruso,* 605 F.3d 282, 300 (6th Cir. 2010) (internal quotation omitted). Courts have denied preliminary injunctive relief where the requisite connection is lacking between the non-parties against whom injunctive relief is sought, and the underlying claims. *See Corsetti v. Hackel*, 2012 WL 4955275 (E.D. Mich. Sept. 26, 2012) (denying injunctive relief, holding that plaintiff's recourse was to file a new lawsuit for his new claims, adopted at 2012 WL 4953103 (E.D. Mich. Oct. 17, 2012)).

The traditional four factors used in determining whether injunctive relief should be granted are:

1. Whether the party seeking the injunction has shown a substantial likelihood of success on the merits;

2. Whether the party seeking the injunction will suffer irreparable harm absent the injunction;

3. Whether an injunction will cause others to suffer substantial harm; and

4. Whether public interest would be served by a preliminary injunction.


*See Procter & Gamble v. Bankers Trust Co.*, 78 F.3d 219, 226-27 (6th Cir. 1996); *Southern Milk Sales, Inc. v. Martin,* 924 F.2d 98, 102-03 (6th Cir. 1991).

The purpose of a preliminary injunction is to maintain the relative positions of the parties until proceedings on the merits can be conducted. *University of Texas v. Camenisch,* 451 U.S. 390, 395 (1981). "A preliminary injunction is an extraordinary remedy which should be granted only if the movant carries his or her burden of proving that the circumstances clearly demand it." *See Overstreet v. Lexington-Fayette Urban County Government,* 305 F.3d 566, 573 (6th Cir. 2002). When an injunction is sought by an inmate against state prison officials, the Sixth Circuit has noted that findings of fact in support of any granted relief are "especially critical" since such an order would necessarily intrude "significantly into the prerogatives of state correctional officials." *Glover v. Johnson,* 855 F.2d 277, 284 (6th Cir. 1988); *see also Kendrick v. Bland,* 740 F.2d 432, 438 n.3 (6th Cir. 1984) ("[W]here state penal institutions are involved, federal courts have a further reason for deference to the appropriate prison authorities").

Notwithstanding the reservations previously expressed by this Court concerning the serious allegations made by Plaintiff of threats to his personal safety, an analysis of the relevant factors applicable to motions for injunctive relief, including but not limited to the fact that the requested relief would significantly interfere with the prison assignment made by the non-party Ohio Department of Rehabilitation and Corrections Bureau of Classification, compels the undersigned to recommend the denial of Plaintiff's second motion for such relief. The public interest would be harmed by such interference with prison administration, and no basis exists to issue the requested injunctive relief against a non-party.

As Defendants point out, almost none of the alleged retaliatory acts are alleged

to have been undertaken by any named Defendant. The lone exception is Plaintiff's allegation that Defendant Anderson "ordered" another inmate to violently attack Plaintiff one year ago. Plaintiff's allegations regarding the attack provided few details other than expressing his "belief" that Defendant Anderson directed the attack. Although Plaintiff earlier claimed to have a witness who would testify on his behalf, in a more recent memorandum Plaintiff states that he "can no longer prove [that Defendant Anderson played any role] due to the witness…now being targeted and harassed by unnamed defendants." (Doc. 97; PageID 1548). Notably, the undersigned has already recommended dismissal of all of Plaintiff's underlying claims against Defendant Anderson, which are based upon an entirely separate incident alleged to have occurred more than two years prior to the alleged inmate attack.

Other incidents do not concern any named Defendant. For example, Plaintiff alleges that unknown prison mail room employees interfered with Plaintiff's attempt to reach out to his former attorney, by falsely stating that Plaintiff had addressed the mail to an incorrect address. However, that alleged retaliatory conduct also occurred long after the May 2013 events that form the basis of Plaintiff's claims against the Defendants. Similarly, the incident in which Plaintiff alleges inadequate medical treatment by SOCF medical staff, and his allegations of due process violations concerning a guitar and/or amp that he alleges were unjustly taken from him, lack any clear relationship to the events described in Plaintiff's claims against the named Defendants.

Because the alleged retaliatory acts occurred long after the events that are at the heart of the complaint and bear little relationship to the underlying complaint or Defendants, Plaintiff cannot prove a likelihood of success or irreparable harm related to

his underlying lawsuit. Any recourse available requires him to file a new lawsuit. *See, e.g. Lentz v. Loxton*, 2013 WL 449907 at *4 (E.D. Mich. Feb. 6, 2013) ("[T]he preliminary injunction motion appears to address issues that arose after the events that form the basis of the original complaint. Because the bases upon which the plaintiff seeks a preliminary injunction are unrelated to the claims raised in the complaint, the plaintiff cannot demonstrate a likelihood of success on the merits.")

### III. Motion to Amend/Correct Complaint (Docs. 89, 98)

On August 16, 2016, Plaintiff filed a motion seeking leave to file an amended complaint. Defendants filed a response in opposition, to which Plaintiff filed a reply. On October 6, 2016, Plaintiff filed a second motion to amend/correct his complaint. Both motions should be denied because they are untimely, and would result in undue prejudice to the Defendants.

Plaintiff filed this lawsuit over events that occurred in May 2013. After a period of discovery, Defendants filed three separate motions for summary judgment in February and March 2016. Now, long after discovery has closed, and after the undersigned has considered and recommended disposition of Defendants' dispositive motions, Plaintiff seeks to amend his complaint to bring in new claims and new parties. To start anew at this late date would cause extraordinary prejudice to all Defendants, and runs counter to the interests of the public and of this Court in the timely resolution of disputes.

To the extent that any reviewing Court would disagree, the undersigned finds persuasive the arguments presented by Defendants on the merits, in opposition to Plaintiff's first motion to amend his complaint. Although Defendants did not file a separate response to Plaintiff's second motion to amend his complaint, most of the same arguments in opposition apply with equal force to Plaintiff's second motion.

7

Briefly, in his first motion to amend, Plaintiff seeks to add in two defendants who previously were dismissed by this Court upon initial screening, SOCF Major David Warren, and Institutional Inspector Linnea Mahlman.[3] The undersigned agrees with Defendants that the conclusory allegations described in the first motion and contained in the tendered amended complaint attached to the second motion[4] fail to state any claim sufficient to alter this Court's prior analysis.

Similarly, Plaintiff's attempt to add five new defendants not previously identified in this litigation should be denied because the claims and defendants are not sufficiently related to the original claims and defendants. In addition, as previously discussed, the new allegations against Defendant Anderson, concerning an entirely separate incident from the original May 2013 allegations, are not sufficiently related to Plaintiff's original claim against that Defendant to justify amendment at this time. *See Hetep v. Warren*, 27 Fed. Appx. 308, 309 (6th Cir. 2001); *Barnes v. Morgan*, Case No. 1:11-cv-380, 2012 WL 147948 at *9-11 (S.D. Ohio Jan. 18, 2012) (R&R recommending denial of additional retaliation claim as insufficiently related to claims in complaint, adopted at 2012 WL 8688997). Moreover, Plaintiff has conceded that he no longer can prove his "belief" that Anderson directed the alleged November 2015 attack on Plaintiff by another inmate. Plaintiff's allegations against most of the new parties are also overly vague and conclusory, alleging solely "retaliation, failure to protect, and due process," without factual details sufficient to state any claim.

---

[3] In his later filed motion to amend, Plaintiff expresses his intent to withdraw any claims, included in his first motion to amend his complaint, against newly identified Defendants Mahlman and Mailroom Supervisor Captain Whittman.

[4] Plaintiff did not initially tender an amended complaint, but as Defendants concede, "Inmate Spencer does provide a predictable forecast for what he would be alleging in his amended complaint." (Doc. 94, PageID 1505). Plaintiff tendered a copy of the amended complaint with his second motion to amend, (Doc. 98-1), but the contents of that tendered complaint do not alter the undersigned's conclusion that amendment should not be permitted.

**IV. Motion/Plea for the U.S. Court's Assistance to STOP Constant Retaliation and Discrimination Against the Plaintiff Spencer for Filing this 1983 Civil Law Action (Doc. 90).**

On August 22, 2016, Plaintiff filed the above-captioned motion, which is now construed as a third motion for preliminary injunctive relief. Defendants filed a response, to which Plaintiff filed a reply. For essentially the same reasons the undersigned has recommended the denial of Plaintiff's second motion for preliminary injunctive relief, so too does the undersigned recommend the denial of this third construed motion, which repeats Plaintiff's request for an order transferring him to another prison.

Plaintiff's "plea…to stop constant retaliation" complains that Plaintiff was unjustly charged with a disciplinary infraction involving drugs in August of this year. The parties' briefing reviews the underlying charge and evidence in support of that disciplinary conviction, but the undersigned finds it unnecessary and inappropriate for this Court to review the same. Plaintiff's motion seeking immediate transfer also alleges that Plaintiff suffered retaliation when he was treated poorly when housed in segregation after the allegedly unjust conviction. Plaintiff alleges that he "is placing himself on hunger strike and suicide watch until he is removed" from SOCF and the retaliation he alleges he faces at that institution. (Doc. 90).

Plaintiff cannot blackmail the Court into directing prison administrators to transfer him to another institution, nor would it be appropriate for the Court to grant Plaintiff any other relief on the basis of his unsupported allegations. The responsibility for Plaintiff's physical and mental healthcare lies with prison administrators, not this Court.

**V. Conclusion and Recommendations**

For the reasons discussed above, IT IS RECOMMENDED THAT:

1. Plaintiff's second motion for preliminary injunctive relief (Doc. 75) should be DENIED;

2. Plaintiff's motions to amend/correct his complaint (Docs. 89, 98) should be DENIED as untimely and based on the extreme prejudice that would inure to the existing Defendants, or alternatively, because the proposed amendments fail to state any cognizable claim that relates to the underlying lawsuit;

3. Plaintiff's motion/pleas for the Court's assistance to stop retaliation and discrimination (Doc. 90), as hereby construed as a third motion for preliminary injunctive relief, also should be DENIED.

<div style="text-align: right;">

*s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

</div>

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

JERMAINE SPENCER,

    Plaintiff,

    v.

DONALD MORGAN, et al.,

    Defendants.

Case No. 1:14-cv-696

Barrett, J.
Bowman, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report and Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).