## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | |
|---|---|
| JERMAINE SPENCER, | CASE NO. 1:14CV696 |
| Plaintiff, | JUDGE MICHAEL R. BARRETT |
| vs. | |
| DONALD MORGAN, IN HIS OFFICIAL AND INDIVIDUAL CAPACITY AS WARDEN, SOUTHERN OHIO CORRECTIONAL FACILITY, et al., | |
| Defendants. | |

## OPINION AND ORDER

This matter is before the Court on the Magistrate Judge's Report and Recommendation ("R&R") (Doc. 77), Plaintiff Jermaine Spencer's Objections to the R&R (Doc. 82), and Defendants Campbell, Chaffin, Jenkins, Miller and Morgan's Objection to the R&R (Doc. 87).

### I.      BACKGROUND

Plaintiff, an inmate at Southern Ohio Correctional Facility ("SOCF"), brings this civil rights action pursuant to 42 U.S.C. § 1983 against eight prison officials in their individual and official capacities. Plaintiff brings claims against various defendants for three incidents. The Magistrate Judge described each incident in great detail and the same will not be repeated here except as necessary to address the objections raised. Because the claims brought by Plaintiff against each group of defendants are distinct, each group filed a separate motion for summary judgment as follows: 1) Motion for Summary Judgment by Defendants Michael Anderson and Daniel Baker (Doc. 57); 2) Motion for Summary Judgment by Defendants Larry Greene and

Donald Morgan (Doc. 60); and 3) Motion for Summary Judgement By Defendants Missy Campbell, Matthew Chaffin, Michael Jenkins and Shawn Miller (Doc. 62).

The Magistrate Judge reached two different conclusions regarding the motions for summary judgment.  The Magistrate Judge recommended granting Defendants Michael Anderson and Daniel Baker's Motion.  As for Defendants Larry Greene and Donald Morgan, however, the Magistrate Judge recommended granting in part and denying in part their Motion. In doing so, the Magistrate Judge found that genuine issues of material fact remained as to Plaintiff's due process claims against Defendants Greene and Morgan and accordingly, concluded they were not presently entitled to qualified immunity.  (Doc. 77, PageID 1390-93). Similarly, the Magistrate Judge found that genuine issues of material fact remained with respect to Plaintiff's excessive force claims against Defendants Missy Campbell, Matthew Chaffin, Michael Jenkins and Shawn Miller.  (*Id.* at PageID 1397-99).  Thus, the Magistrate Judge concluded that they too were not entitled to qualified immunity at this time.

While the motions for summary judgment were being briefed, Plaintiff also filed two motions for injunctive relief.  The first sought relief in the form of an order directing a non-party at SOCF from imposing limitations on his access to the law library and/or notary services. Plaintiff's primary complaint, which is pertinent to the Court's analysis, is that SOCF staff had refused to notarize Plaintiff's affidavits associated with this case.  The second motion alleges that Plaintiff received "14 days library rest" for an unstated rules violation, and also alleges additional retaliatory conduct taken by SOCF officials against Plaintiff.

Although discussed in the R&R, the Magistrate Judge did not decide Plaintiff's second motion for injunctive relief.  The Magistrate Judge did, however, adjudicate Plaintiff's first request for injunctive relief, recommending that it be denied without prejudice to refiling due to

the "serious and concerning nature of the allegations made in Plaintiff's more recent May motion for injunctive relief." (*Id.* at PageID 1363). Of significance to the undersigned's analysis, the Magistrate Judge concluded that despite denying Plaintiff the injunctive relief requested, the Court would consider Plaintiff's unsworn affidavit in opposition the pending dispositive motions. (*Id.*). The remaining Defendants strenuously object to such consideration. (*See generally* Doc. 87). Plaintiff separately objects to Magistrate Judge's recommendation that his request for injunctive relief be denied. (*See generally* Doc. 82).

## II.    STANDARD

When objections to a magistrate judge's report and recommendation are received on a dispositive matter, the assigned district judge "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). After review, the district judge "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." (*Id.*); see also 28 U.S.C. § 636(b)(1). General objections are insufficient to preserve any issues for review: "[a] general objection to the entirety of the Magistrate [Judge]'s report has the same effect as would a failure to object." *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Nevertheless, the objections of a petitioner appearing pro se will be construed liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

## III.   ANALYSIS

### 1.    Motion for Summary Judgment by Defendants Michael Anderson and Daniel Baker

The Magistrate Judge recommended granting Defendants Michael Anderson and Daniel Baker's Motion. Plaintiff does not object to the R&R as it relates to this motion. Accordingly,

Defendants Michael Anderson and Daniel Baker's Motion for Summary Judgment (Doc. 57) is granted.

### 2. Motion for Summary Judgment by Defendants Larry Greene and Donald Morgan and Motion for Summary Judgement By Defendants Missy Campbell, Matthew Chaffin, Michael Jenkins and Shawn Miller

Defendants object to the Magistrate Judge's finding that genuine issues of material fact remain with respect to Plaintiff's claims for excessive force and failure to protect, as well as Plaintiff's claims for violation of due process rights.  Defendants also object to the Magistrate Judge's recommendation that they be denied qualified immunity.  Defendants' objections necessarily include a lengthy discussion of the Magistrate Judge's consideration of Plaintiff's unsworn, unsigned affidavit.

The Magistrate Judge explained that the Sixth Circuit has held that generally, unsworn affidavits are not properly considered on a motion for summary judgment.  *Sigier v. Am. Honda Motor Co.*, 532 F.3d 469, 481 (6th Cir. 2008).  Nevertheless, the Magistrate Judge concluded that based upon Plaintiff's allegation that prison officials refused to notarize his affidavit, Plaintiff's affidavit should not be disregarded.  The Magistrate Judge acknowledged that Plaintiff's affidavit was not currently in a form that would be admissible, but found that the evidence was likely to be presented in admissible form through testimony at trial.  Moreover, the Magistrate Judge considered "the fact that Plaintiff is a pro se prisoner with limited access to the law, who may not have been cognizant of the option of submitting a Declaration rather than a formal Affidavit."  (Doc. 77, PageID 1367).

Defendants object to the consideration of Plaintiff's affidavit in response to their motions for summary judgment.  They cite authority from the Sixth Circuit holding that reliance on such evidence is not proper, as unauthenticated documents and unsigned affidavits do not comply with

Federal Rule of Civil Procedure 56(e). *See Sfakianos v. Shelby County Government*, 481 Fed. Appx. 244 (6th Cir. 2012) (citing *Alexander v. CareSource*, 578 F.3d 551, 558-59 (6th Cir. 2009) and *Nassif Ins. Agency, Inc. v. Civic Prop. & Cas. Co.*, No. 03-2618, ---Fed. Appx.---, 2005 WL 712578, at *3 (6th Cir. 2005)).

Defendants acknowledge, as does the undersigned, that none of the cases cited involve pro se inmates. However, the Sixth Circuit has explained, "[w]hile courts must apply 'less stringent standards' in determining whether pro se pleadings state a claim for which relief can be granted, *Estelle v. Gamble,* 429 U.S. 97, 106, 97 S.Ct. 285, 292, 50 L.Ed.2d 251 (1976), pro se plaintiffs are not automatically entitled to take every case to trial." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996) (citing *Jourdan v. Jabe,* 951 F.2d 108, 110 (6th Cir.1991)). Leniency afforded to pro se litigants has limits. (*Id.*).

With that guidance in mind, the Court declines to consider Plaintiff's unsworn and unsigned affidavit, as it does not comport with the Federal Rules of Civil Procedure. The undersigned does, however, agree with the Magistrate Judge that Plaintiff should be given an opportunity to cure technical deficiencies. Therefore, Plaintiff may file a signed and dated certification that verifies and reaffirms the statements in his April 2016 "affidavit" as made under penalty of perjury pursuant to 28 U.S.C.§ 1746. In the alternative, Plaintiff may file a properly executed affidavit.

## IV. CONCLUSION

Consistent with the foregoing, it is hereby **ORDERED**:

1. Defendants Michael Anderson and Daniel Baker's Motion for Summary Judgment is **GRANTED** (Doc. 57);

2. Plaintiff may file a declaration pursuant to 28 U.S.C. § 1746 or a properly executed affidavit reaffirming the statements in his April 2016 "affidavit" within 30 days of this order;

3.  The Court reserves ruling on all other objections raised by the parties (Doc. 82 and 87).

**IT IS SO ORDERED.**


s/Michael R. Barrett
_____
MICHAEL R BARRETT
United States District Judge