**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | |
|---|---|
| JERMAINE SPENCER, | CASE NO. 1:14CV696 |
| Plaintiff, | JUDGE MICHAEL R. BARRETT |
| vs. | |
| DONALD MORGAN, IN HIS OFFICIAL AND INDIVIDUAL CAPACITY AS WARDEN, SOUTHERN OHIO CORRECTIONAL FACILITY, et al., | |
| Defendants. | |

**OPINION AND ORDER**

This matter is before the Court on the Magistrate Judge's Report and Recommendation ("R&R") (Doc. 77), Plaintiff Jermaine Spencer's Objections to the R&R (Doc. 82), and Defendants Campbell, Chaffin, Jenkins, Miller and Morgan's Objection to the R&R (Doc. 87).

**I.     BACKGROUND**

Plaintiff, an inmate at Southern Ohio Correctional Facility ("SOCF"), brings this civil rights action pursuant to 42 U.S.C. § 1983 against eight prison officials in their individual and official capacities. The Magistrate Judge described the relevant facts in great detail and the same will not be repeated here except as necessary to address the objections raised. Defendants filed three separate motions for summary judgment.

Defendants Michael Anderson and Daniel Baker's motion for summary judgment was previously granted, which left pending the Motion for Summary Judgment by Defendants Larry

Greene and Donald Morgan (Doc. 60); and the Motion for Summary Judgement By Defendants Missy Campbell, Matthew Chaffin, Michael Jenkins and Shawn Miller (Doc. 62).

The Magistrate Judge recommended granting in part and denying in part Defendants Greene and Morgan's Motion. In doing so, the Magistrate Judge found that genuine issues of material fact remained as to Plaintiff's due process claims against Defendants Greene and Morgan and accordingly, concluded they were not presently entitled to qualified immunity. (Doc. 77, PageID 1390-93). Similarly, the Magistrate Judge found that genuine issues of material fact remained with respect to Plaintiff's excessive force claims against Defendants Missy Campbell, Matthew Chaffin, Michael Jenkins and Shawn Miller. (Id. at PageID 1397-99). Thus, the Magistrate Judge concluded that they too were not entitled to qualified immunity at this time.

While the motions for summary judgment were being briefed, Plaintiff filed a motion for injunctive relief, alleging that SOCF staff had refused to notarize Plaintiff's affidavits associated with this case. The Magistrate Judge recommended that it be denied without prejudice to refiling due to the "serious and concerning nature of the allegations made in Plaintiff's more recent May motion for injunctive relief." (Id. at PageID 1363). The denial of Plaintiff's motion, however, was conditioned upon the Magistrate Judge considering Plaintiff's unsworn affidavit. (Id.). Defendants objected to the Magistrate Judge doing so.

On November 28, 2016, the undersigned issued an Opinion and Order declining to consider Plaintiff's unsworn affidavit. The undersigned, however, agreed with the Magistrate Judge that Plaintiff should be given an opportunity to cure technical deficiencies. Therefore, Plaintiff was permitted to file a properly executed affidavit or a signed and dated certification that verified and reaffirmed the statements in his April 2016 "affidavit" as made under penalty of

perjury pursuant to 28 U.S.C. § 1746. The undersigned held in abeyance all other objections to the Magistrate Judge's R&R. On December 12, 2016, Plaintiff filed a declaration, which comports with 28 U.S.C. § 1746.[1] (Doc. 102). Thus, the Court finds that it is properly considered as it complies with the Federal Rules of Civil Procedure.[2] Having come to this conclusion, the Court **DENIES AS MOOT** Defendants' objections regarding the consideration of evidence set forth in Plaintiff's declaration.

Having reached the above conclusion, the Court turns to the remainder of the parties' objections.

## II. STANDARD

When objections to a magistrate judge's report and recommendation are received on a dispositive matter, the assigned district judge "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). After review, the district judge "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." (*Id.)*; see also 28 U.S.C. § 636(b)(1). General objections are insufficient to preserve any issues for review: "[a] general objection to the entirety of the Magistrate [Judge]'s report has the same effect as would a failure to object." *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Nevertheless, the objections of a petitioner appearing pro se will be construed liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

---

[1] The Court notes that Plaintiff printed his name at the end of the declaration as opposed to signing his name in cursive. The Court finds this sufficient, particularly when reviewing other instances in the record in which he printed his name in lieu of a cursive signature. (*See e.g.* Doc. 60-3, PageID 570; Doc. 69-1, PageID 1025).
[2] Plaintiff includes additional information not included in his unsworn affidavit. The Court declines to consider any issues raised for the first time in Plaintiff's declaration. (Doc. 102).

3

### III. ANALYSIS

#### 1. Plaintiff's Objections

Plaintiff objects to the Magistrate Judge's recommendation that his first motion for preliminary injunctive relief be denied. He cites to what he perceives as ongoing retaliation for "the 'ongoing' situation before the court involving them." (Doc. 82, PageID 1419). He specifically refers to new alleged incidents involving Plaintiff and Michael Anderson. It also appears as though he continues to request a Court-ordered transfer from the SOCF. (*See generally* Doc. 82). Plaintiff's arguments are misplaced for several reasons.

First, Plaintiff's first motion for preliminary injunctive relief sought injunctive relief against SOCF library staff, Ms. Aldridge, and SOCF administration – all of whom are not named defendants in this lawsuit. (Doc. 65). The motion does not seek relief against Michael Anderson nor does it include a request to be transferred. Accordingly, to the extent his objections raise new issues regarding interactions with Michael Anderson, the Court **OVERRULES** Plaintiff's objections.

Plaintiff's first motion for preliminary injunctive relief requested that the Court order the parties listed in his motion "to stop hindering the Plaintiff's access to legal research…and give Plaintiff a chance to respond respectively to Defendants' Motion for Summary Judgment." (Doc. 65, PageID 784). The Court notes that it does not have jurisdiction over the non-parties Plaintiff named in his motion. Nevertheless, the Court finds the concerns Plaintiff raised in his motion have been sufficiently addressed.

Plaintiff responded to Defendants' motions for summary judgment. Moreover, as a result of his first motion for preliminary injunctive relief, the Magistrate Judge considered Plaintiff's affidavit, despite its technical deficiencies, when deciding the motions for summary judgment.

Plaintiff does not appear to object to the Magistrate Judge's R&R in this regard. And while the undersigned declined to consider Plaintiff's unsworn affidavit, Plaintiff was permitted to submit, and indeed did submit, a declaration, which the Court finds is properly considered.

Consequently, the Court **OVERRULES** Plaintiff's objections.

### 2. Defendants' Objections

The Court notes that Defendants do not contend that if the Court were to consider Plaintiff's affidavit, they would still be entitled to summary judgment. Instead, Defendants generally reference and object to the consideration of "other unauthenticated documents that arguably should not have been considered…" (Doc. 87, PageID 1466). It is unclear whether Defendants continue to raise this objection in light of the Court's conclusion that Plaintiff's newly submitted declaration comports with 28 U.S.C. § 1746. Regardless, the Court finds that such general objections are insufficient to direct the Court's attention to any particular issues contained therein.

Defendants do, however, specifically object to the consideration of Plaintiff's letters communicating to and from his attorney, Mr. Potts, on the basis of hearsay. While the Court agrees the letters are hearsay and thus, are inadmissible without proper authentication, and unless an exception applies, the Court finds the result does not change. Of significance, the only indication the Magistrate Judge considered the letters when deciding the motions for summary judgment relates to an alternative argument raised by Defendants.[3] (*See* Doc. 77, PageID 1392). In other words, the Magistrate Judge had already concluded that Defendants Morgan and Greene

---

[3] The Magistrate Judge also cites to the letters in the subsection of the R&R titled "Undisputed Facts Concerning Baker and Anderson." (Doc. 77, PageID 1368, 1377-78). Because Defendants Baker and Anderson's motion for summary judgment was granted, the Court does not address the Magistrate Judge's consideration of the letters for this purpose.

5

were not entitled to summary judgment on Plaintiff's due process claim for other reasons. Therefore, Defendants' argument is unpersuasive.

IV. **CONCLUSION**

Consistent with the foregoing, Plaintiff's Objections to the R&R (Doc. 82) are **OVERRULED**; and Defendants' Objections to the R&R (Doc. 87) are **OVERRRULED**.

Accordingly, it is hereby **ORDERED**:

1. Plaintiff's first motion for preliminary injunctive relief (Doc. 65) is **DENIED**;

2. Defendants Green and Morgan's Motion for Summary Judgment (Doc. 60) is **GRANTED IN PART**, with judgment granted in Defendants' favor as to Plaintiff's claims for monetary damages against Defendants in their official capacity, but otherwise **DENIED**;

3. Defendants Campbell, Chaffin, Jenkins, and Miller's Motion for Summary Judgment (Doc. 62) is **GRANTED IN PART**, with judgment granted in Defendants' favor as to Plaintiff's claims for monetary damages against the four referenced Defendants in their official capacities. In addition, Defendants are entitled to summary judgment on Plaintiff's claims against them in their official capacities up to the point at which Plaintiff was restrained in handcuffs during the May 14, 2013 incident. Summary judgment is **DENIED** in all other respects.

**IT IS SO ORDERED.**

 s/Michael R. Barrett
MICHAEL R BARRETT
United States District Judge

6